UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 9:23-cv-80427-SMITH

MELANI HENKLE,

    Plaintiff,

v.

PALM BAY INTERNATIONAL, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AND TO STRIKE**

Defendant, Palm Bay International, Inc., through its counsel, moves to dismiss Plaintiff's Amended Complaint and to strike immaterial allegations pursuant to Federal Rules of Civil Procedure 8, 10, and 12, and as grounds it states:

**PRELIMINARY STATEMENT**

This is an employment-related action in which Plaintiff, Melani Henkle, has filed a six-count Amended Complaint against her former employer, Palm Bay International, Inc. Plaintiff alleges sex discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA), age discrimination under the Age Discrimination in Employment Act (ADEA) and the FCRA, and retaliation under Title VII and the FRCA.

As explained below, Counts I through IV of Plaintiff's amended pleading should be dismissed because they are shot gun pleadings. The allegations in paragraphs 12 through 38 should be stricken as immaterial, impertinent, or scandalous matters. The alleged conduct in those paragraphs occurred during a period that is time-barred as related to the causes of action plead in

the Amended Complaint. Thus, they should be stricken.

**ARGUMENT AND SUPPORTING MEMORANDUM OF LAW**

I.  **MOTION TO DISMISS STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted by the U.S. Supreme Court, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, Rule 8 requires "more than labels and conclusions," and has two specific thresholds that the pleader must cross to avoid dismissal: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5. To successfully "nudge[] claims across the line from conceivable to plausible," a complaint must contain facts "plausibly suggesting (not merely consistent with)" violations of the asserted causes of action. *Id.* at 570 (emphasis added). When they do not, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the [c]ourt." *Id.* at 558; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (Rule 8 now mandates a plaintiff's claims have "facial plausibility.").

Federal Rule of Civil Procedure 10(b) requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Rule 10 prohibits commingling several theories of liability into a single count. To do so is commonly called a shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give defendants adequate notice of the claims against them and the grounds on which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015).

## II. COUNTS I THROUGH IV DO NOT MEET ESTABLISHED PLEADING REQUIREMENTS AND SHOULD BE DISMISSED ON THAT BASIS ALONE

Counts I and IV of the Amended Complaint do not meet general pleading requirements and constitute a "shotgun" pleading that violates Fed. R. Civ. P. 10(b). One type of shot gun pleading "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland,* 792 F.3d 1321-23.

### A. Counts I and II Appear to Impermissibly Conflates Two Separate Sex Discrimination Causes of Action into One Count.

Courts within this District regularly dismiss complaints like the one in this case because they constitute impermissible "shotgun" complaints. For instance, in *Titus v. Miami Dade Cnty. Water & Sewer Dep't*, No. 15-cv-22316, 2016 U.S. Dist. LEXIS 84405, at *1 (S.D. Fla. June 29, 2016), the plaintiff sued the defendants, alleging discrimination and retaliation based on race, color, religion, national origin, age, and disability. The defendants moved to dismiss the complaint because, like the Amended Complaint here, plaintiff merged multiple claims into single counts in violation of Fed. R. Civ. P. 10(b). *Id.* at *5. The Court dismissed the amended complaint finding "[t]he U.S. Court of Appeals for the Eleventh Circuit has interpreted Rule 10(b) to require separate counts for separate claims…

In *Boutaleb v. Louis Vuitton N. Am., Inc.*, No. 16-cv-21781, 2016 U.S. Dist. LEXIS 125765, *11 (S.D. Fla. Sept. 16, 2018), Judge Altonaga dismissed Count V of the amended complaint directing plaintiff to plead separate counts for disparate treatment gender discrimination and gender hostile work environment. See also, *Garcia v. Dorning*, No. 5:17-cv-01957-LCB, 2020 U.S. Dist. LEXIS 156166 *11-12 (N.D. Ala. Aug. 27, 2020), when the plaintiff combined her sex discrimination and sexual harassment claims into one count. The court observed that sex

discrimination claims and sexually hostile work environment claims do not contain identical elements and relied on *Weiland* to rule that it is impermissible to combined two such causes of action in one count.

Here, each of the first two counts of Plaintiff's Amended Complaint blend claims for sexually hostile work environment and disparate treatment gender discrimination into one count. Each of those causes of action require Plaintiff to allege and prove different elements. To prove a claim for gender discrimination with circumstantial evidence, a party must show: (1) she is a member of a protected class; (2) suffered an adverse employment action; (3) similarly situated male employees were treated better; and (4) she is qualified to do the job. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). To prove a hostile work environment-claim under Title VII, a plaintiff must show: (1) she is a part of a protected group; (2) she experienced unwelcome harassment; (3) harassment was based on a protected characteristic; (4) harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment; and (5) the employer is responsible based on vicarious liability. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)

Here, Counts I and II each allege that "Palm Bay unlawfully discriminated against Plaintiff by creating an intimidating, hostile, and/or offensive work environment and by taking adverse employment actions against her due to her sex," and "Palm Bay treated similarly situated male employees more favorably than Plaintiff." Amended Complaint [DE 8] ¶ 53, 55, 63, and 65. Thus, Plaintiff appears to be pleading two distinct causes of action within each count, instead of in two separate counts—which is improper and confusing. For these reasons, Counts I and II must be dismissed.

### **B.  Counts III and VI Appear to Impermissibly Conflates Two Separate Age Discrimination Causes of Action into One Count.**

The age discrimination claims in Counts III and IV violate the same shotgun-pleading-sin as the first two counts of the Amended Complaint. In these counts, Plaintiff appears to allege a hostile work environment claim based on her age as well as a discrimination based on her age. Assuming Plaintiff is bringing both claims, they have distinct elements, and should be brought in separate counts. To establish a prima facie case of age discrimination Plaintiff must show: (1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a far younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job. *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1359 (11th Cir. 1999) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) (citations omitted)). Moreover, a plaintiff bringing a disparate-treatment claim under the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). A hostile work environment claim based on age requires a plaintiff to show (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her age; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability. *Clark v. S. Broward Hosp. Dist.*, 601 F. App'x 886, 898-99 (11th Cir. 2015).

Counts III and IV each allege that "Palm Bay unlawfully discriminated against Plaintiff by creating an intimidating, hostile, and/or offensive work environment and by taking adverse

5

employment actions against her due to her age" and "Palm Bay treated similarly situated younger employees more favorably than Plaintiff." See, Amended Complaint [DE 8] ¶ 73 and 75. Plaintiff again appears to be pleading two distinct causes of action in one count, which is improper and confusing. Because they are distinct causes of action, they should have been plead separately, thus Counts III and IV should be dismissed.

### IIII. PLAINTIFFS ALLEGATIONS OF MISCONDUCT THAT ARE BEYOND THE PERIOD TO FILE A CHARGE OF DISCRIMINATION SHOULD BE STICKEN

#### A. Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted); See also, *S.Y. v. Naples Hotel Co.*, No. 2:20-CV-118-JES-MRM, 2020 WL 4504976, at *5 (M.D. Fla. Aug. 5, 2020)( "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.")(emphasis added) District courts enjoy "broad discretion in considering a motion to strike" under Rule 12. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005)(citation omitted). "Despite this discretion, a motion to strike is a drastic remedy, which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-CV-60498, 2018 WL 4743634, at *1 (S.D. Fla. Oct. 2, 2018) (internal quotation marks omitted) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

Nevertheless, a court should exercise its discretion under the rule to strike a pleading where the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### B. Timely Filing a Charge of Discrimination

"Prior to filing a Title VII of the Civil Rights Act of 1964 claim, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission. That discrimination charge must be filed in a timely manner, i.e., within 180 days of the discriminatory act or, in some states including Florida, within 300 days if proceedings are instituted with the state agency." *Bourne v. Sch. Bd.*, 508 F. App'x 907, 909 (11th Cir. 2013). Similarly, before filing a claim under the FCRA, a plaintiff must file a charge with the appropriate commission within 365 days of the alleged FCRA violation. *Id*.

### C. Paragraphs 12 through 38 Should be Stricken as Immaterial

Plaintiff filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission on July 28, 2022. Charge of Discrimination attached as Exhibit 1.[1] Plaintiff's allegations between paragraphs 12 and 25 of her Amended Complaint set forth allegations of unwelcome conduct by individuals who were not employees of Defendant and that occurred years before Plaintiff filed her EEOC Charge of Discrimination. Plaintiff alleges that the misconduct occurred in February 2017, August 2017, January 2018, February 2019, and June 2019, yet she did not file a charge of discrimination complaining about these alleged acts until July

---

[1] On a motion to dismiss, a court may not consider material outside the complaint, except for certain exceptions, including taking judicial notice of documents that are public records that are not subject to reasonable dispute. Here the EEOC Charge of Discrimination is part of the EEOC's administrative record and is not subject to reasonable dispute. See *Smith v. City of Atl. Beach*, 2020 U.S. Dist. 24381 *3 (M.D. Fla. February 12, 2020).

28, 2022. That is well outside the 300 or 365-day limitations period to file a charge of discrimination. As such these alleged acts are immaterial to this lawsuit and should be stricken as such.

Plaintiffs' allegations in paragraphs 26 through 35 are similarly outside the limitations period to be the basis for a charge of discrimination. The allegations in those paragraphs occurred between November 9, 2017 and April 15, 2019. All those allegations are immaterial and irrelevant to a claim for discrimination or harassment based on gender or age because they were not timely reported to the EEOC. As such, they should be stricken from the amended pleading.

For nearly two years Plaintiff suffered no unwelcome conduct. The next set of dates that Plaintiff allegedly felt harassed because of a protected category are set forth in paragraphs 37 through 44 of the Amended Complaint. The dates of the alleged unwelcome acts occurred in March 2021, May 2021, September 28, 2021, December 2021, and April 2022. All these dates, save the April 2022 date are also outside the 300-day period to file a charge of discrimination with the EEOC, while all but the last three dates are outside the 365- day period to file a charge to preserve an FCRA claim. The allegations that Plaintiff claims occurred in March and May 2021—paragraphs 37 and 38—should also be stricken as immaterial.

## IV.   CONCLUSION

Plaintiff's Amended Complaint fails to satisfy the pleading standards in Federal Rules of Civil Procedure 8 and 10. Counts I through IV must be dismissed because they are impermissible, vague, and confusing shotgun. Further under Rule 12(f), Fed. R. Civ. P., Plaintiff's allegations from paragraph 12 through paragraph 39 are immaterial and irrelevant and should be stricken from the amended pleading.

Dated: May 9, 2023.

                                          Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600

By: *s/Paul F. Penichet*
Paul F. Penichet, Esq.
Florida Bar No. 0899380
Email: *paul.penichet@jacksonlewis.com*
Jodi N. Cohen Esq.
Florida Bar No. 590231
Email: *jodi.cohen@jacksonlewis.com*

*Counsel for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 9, 2023, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Paul F. Penichet*
Paul F. Penichet, Esq.

## SERVICE LIST

Richard Burton, Esq.
Florida Bar No. 179337
Email: *rb@theburtonfirm.com*
Marc Burton, Esq.
Florida Bar No. 95318
Email: *mburton@theburtonfirm.com*
*pleadings@theburtonfirm.com*
THE BURTON FIRM, P.A.
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
Telephone: (305) 705-0888

*Counsel for Plaintiff*

Paul F. Penichet, Esq.
Florida Bar No. 0899380
Email: *paul.penichet@jacksonlewis.com*
Jodi N. Cohen, Esq.
Florida Bar No. 590231
Email: *jodi.cohen@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4863-8140-6307, v. 1