## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:23-cv-80427-SMITH

**MELANI HENKLE,**

      *Plaintiff,*

vs.

**PALM BAY INTERNATIONAL, INC.,**

      *Defendant.*

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

Respectfully submitted,

*Counsel for Plaintiff, Melani Henkle*

Marc A. Burton, Esq.
Richard J. Burton, Esq.
The Burton Firm, P.A.
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
(305) 705-0888
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

Ⓑ THE BURTON FIRM

Plaintiff, Melani Henkle ("Ms. Henkle"), through her counsel, responds in opposition to Defendant, Palm Bay International, Inc.'s ("Palm Bay") *Motion to Dismiss and to Strike* (the "Motion"), ECF No. 11, stating in furtherance thereof as follows:

## I.      PROCEDURAL BACKGROUND

On March 17, 2023, Ms. Henkle filed this case against Palm Bay, ECF No. 1, alleging six counts: **Count I:** sex discrimination in violation of Title VII; **Count II:** sex discrimination in violation of the Florida Civil Rights Act ("FCRA"); **Count III:** age discrimination in violation of the ADEA; **Count IV:** age discrimination in violation of the FCRA; **Count V:** retaliation in violation of Title VII; and **Count VI:** retaliation in violation of the FCRA. On April 25, 2023, Ms. Henkle filed her Amended Complaint at Palm Bay's request. The Amended Complaint is substantively identical to the original complaint, containing only several minor changes, and raises the same six counts.

On May 9, 2023, Palm Bay filed its Motion. Palm Bay seeks dismissal of Counts I through IV (but not of Counts V or VI), arguing that those four counts are a "shotgun pleading" because both sets of counts "impermissibly conflate[] two separate . . . discrimination causes of action into one count." Palm Bay also requests that paragraphs 12 through 39 be stricken because those paragraphs' allegations occurred more than one year before Ms. Henkle filed her charge of discrimination with the EEOC and Florida Commission on Human Relations, and because Palm Bay argues that some (but not all) of the people discussed in those paragraphs are not Palm Bay employees.

For the reasons discussed below, the Motion should be denied in its entirety, and Palm Bay should be compelled to answer the Amended Complaint.

THE BURTON FIRM

## II.     LEGAL ARGUMENT AND MEMORANDUM OF LAW

### A.     The Motion to Dismiss Should Be Denied

#### 1.     Dismissal is not the proper remedy for an alleged shotgun pleading in violation of Rule 10(b)

As a threshold matter, the Motion should be denied because dismissal is not the proper remedy for Palm Bay's alleged grievances under Rule 10(b). To the contrary, where a complaint improperly alleges different claims in the same count in violation of Rule 10(b), the appropriate request is a motion for more definite statement under Rule 12(e). *See Green v. C.B. Fleet Holding Co. Inc.*, 07-80589-CIV, 2008 WL 113668, at *2 (S.D. Fla. Jan. 8, 2008) (citing *Anderson v. Dist. Bd. of Trustees,* 77 F.3d 364, 366 (11th Cir. 1996)); *see also Fed. Ins. Co. v. Bonded Lightning Prot. Sys., Inc.*, 07-80767-CIV, 2008 WL 5111260, at *6 (S.D. Fla. Dec. 3, 2008) (same holding). "***Even in far more egregious 'shotgun pleadings,' the remedy is not dismissal***." *Green*, 2008 WL 113668, at *2 (emphasis added).

However, Palm Bay did not request a more definite statement. This makes sense because its Motion makes it clear Palm Bay understands the Amended Complaint's allegations, claims, and theories. Accordingly, the Motion should be denied.

#### 2.     The Amended Complaint is not a shotgun pleading since different theories of discrimination do not need to be pleaded in separate counts

Even assuming, *arguendo*, that dismissal was the appropriate remedy for a shotgun pleading in violation of Rule 10(b) (which it is not), the Motion should still be denied because the Amended Complaint is properly pleaded.

Citing *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), a case that generally addresses shotgun pleadings but does not specifically address employment discrimination, Palm Bay argues that the Amended Complaint is a shotgun pleading in violation of Rule 10(b) because different theories of discrimination are pleaded in the same count. Specifically, Palm Bay argues that because Counts I and II for sex discrimination and Counts III and IV for age discrimination each contain different theories of liability, those counts are a "shotgun pleading" that "impermissibly conflate[] two separate . . . discrimination causes of action into one count."

This argument fails because it is rebutted by Rule 8(d)(2) and because the Eleventh Circuit specifically rejected it in *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247 (11th Cir. 2004). *See, e.g.*, *Foster v. C&J Tech Ala., Inc.*, 3:19-CV-343-WKW, 2020 WL 880711, at *4 (M.D. Ala. Feb. 21, 2020) (citing *Hulsey*, 367 F.3d at 1246) ("Based on the teachings of *Hulsey*, Plaintiff's joinder of two theories in a single count for proving a Title VII sexual harassment claim does not violate Rule 10(b) and make the complaint a shotgun pleading."); *cf. Harris v. Centurion of Fla., LLC*, 3:19CV4939-TKW-EMT, 2020 WL 9749508, at *1 (N.D. Fla. Jan. 14, 2020) ("Defendant argues that the complaint is an impermissible 'shotgun' pleading because the race-based disparate treatment and hostile work environment claims are alleged in a single count. The Court finds no merit in [this] claim."). For example, in *Chance v. Wakulla County*, 4:18CV586-MW/CAS, 2019 WL 13280167, at *1 (N.D. Fla. July 9, 2019), the court rejected the argument that a complaint was a shotgun pleading under *Weiland* where it "combine[d] distinct claims of gender

Page 3

B THE BURTON FIRM

discrimination, harassment, and hostile work environment into a single count," because the Eleventh Circuit's decision in *Hulsey* specifically permits that very method of pleading.

Palm Bay cites three district cases to argue that an employment discrimination complaint violates Rule 10(b) where it alleges more than one theory of liability in the same count: *Titus v. Miami Dade County Water & Sewer Department*, 15-22316-CV, 2016 WL 3544494, at *2 (S.D. Fla. June 29, 2016), *Boutaleb v. Louis Vuitton North America, Inc.*, 16-cv-21781, 2016 U.S. Dist. LEXIS 125765 (S.D. Fla. Sept. 14, 2016), and *Garcia v. Dorning*, 5:17-CV-01957-LCB, 2020 WL 5095296 (N.D. Ala. Aug. 28, 2020). However, these cases are inapposite because they are contrary to binding Eleventh Circuit precedent. None of them even discuss *Hulsey* or its progeny and so they should not be afforded any weight.

To be sure, pleading different theories of liability together is permissible even though the various theories may have different elements of proof, because the purpose of a complaint is simply to provide the defendant with notice of the claims raised against it. *See Harris*, 2020 WL 9749508, at *1 (citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010)) (explaining that even though different theories "contain different elements of proof," the failure to allege them in separate counts "does not make the complaint an impermissible 'shotgun' pleading or render it 'so vague or ambiguous that [Defendant] cannot reasonably prepare a response'").

Finally, Palm Bay's arguments additionally fail because different theories of liability are not the same as different "claims" or "causes of action." They need not be specifically pleaded *at all*, much less in different counts. Thus, properly pleading factual plausibility in support of *any single theory* prohibits dismissal of a complaint, including of any other theories that are pleaded or not pleaded. Relatedly, since Palm Bay did not move to dismiss Counts V or VI alleging a retaliation theory under Title VII and the FCRA, the other Title VII and FCRA counts containing alternative theories also cannot be dismissed.

### a.   Different theories of liability are not different claims or causes of action

Palm Bay argues that different theories of sex discrimination and age discrimination are different "causes of action." This is incorrect. The Eleventh Circuit has clearly explained that various theories of liability, such as, for example, hostile work environment and adverse employment action, are *not* two different causes of action, as asserted by Palm Bay, but are instead two methods that can be used jointly or separately to prove a discrimination claim. *See Hulsey*, 367 F.3d at 1246-47.

In *Hulsey*, the Eleventh Circuit held that "[w]hen courts refer to the two types of conduct or fact patterns in cases, or theories of liability, as different types of 'claims,' they are using the word 'claim' as a shorthand—and potentially confusing—way of describing how the plaintiff contends that the employer is vicariously liable under Title VII." *Id.* at 1246. "When we talk about tangible employment action and hostile environment, what we are or should be talking about are the two alternative

[B] THE BURTON FIRM

ways a plaintiff may establish . . . liability . . . ." *Id.* An ADEA claim may also be proven through various theories of liability. *See Mihalik v. Expressjet Airlines*, 3:04CV258 RV/EMT, 2005 WL 1787350, at *2 (N.D. Fla. July 27, 2005) (denying motion for judgment on the pleadings as to ADEA claim and discussing several theories of liability supporting that claim).

*Hulsey* is clear that a plaintiff need not separately plead different theories of liability in separate counts. *Id.* (holding plaintiff "was not required to plead tangible employment action as a separate claim, because it is not a separate claim"); *see also Foster*, 2020 WL 880711, at *3 (citing *Hulsey*, 367 F.3d at 1246) ("In *Hulsey*, the Eleventh Circuit explained that these 'claims' actually are theories of liability for holding an employer liable for sexual harassment under Title VII."); *Bonner v. Sarasota Cnty. Sch. Bd.*, 8:19-CV-2740-T-33AEP, 2020 WL 495169, at *3 (M.D. Fla. Jan. 30, 2020) ("The Eleventh Circuit has held that plaintiff-employees are not required to plead harassment claims under the two different theories as separate claims because they are the same claim. . . . Thus, Bonner's addressing both theories in Count I is acceptable and does not support dismissal . . . ."); *Crater v. Ga. Dep't of Transp.*, 1:17-CV-5142-WSD-JKL, 2018 WL 11446924, at *8 (N.D. Ga. May 3, 2018) ("Plaintiff's allegations are sufficient because she has alleged that she was subjected to a hostile work environment harassment, which itself can qualify as a tangible employment action for purposes of a discrimination claim. . . . It may turn out that discovery reveals that the facts of this case fit a hostile work environment theory better than a tangible employment action theory, in which case the [defendants] will

THE BURTON FIRM

be likely to succeed on [at least] a motion for partial summary judgment. But at this stage, Plaintiff [is] entitled to proceed on both theories.").

In sum, the entire premise of Palm Bay's dismissal argument, that different theories of liability to support a discrimination claim are actually different causes of action, is simply wrong. Accordingly, the Motion should be denied.

### b. There is no requirement that a plaintiff plead *any* theories of liability in support of a claim

Palm Bay's argument that each theory of liability must be pleaded in a separate count is further rebutted because, in fact, there is no requirement that a plaintiff specifically plead *any* theory of liability. "***If a complaint is factually sufficient, it may not be dismissed merely for failure to articulate a specific legal theory***." *Howard v. Wells Fargo Bank, N.A.*, 616CV505ORL40TBS, 2016 WL 3447514, at *3 (M.D. Fla. June 23, 2016) (emphasis added) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014)); *accord Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1340 (N.D. Fla. 2016) (holding, in employment discrimination case involving hostile work environment and adverse employment action theories, that "a plaintiff need not refer to *either* theory in a complaint, because while '***[a] complaint must narrate a plausible grievance[,] it need not set out a legal theory or cite authority***'"). "Further, pleading standards "do not require that a plaintiff specifically plead every element of a cause of action." *Howard*, 2016 WL 3447514, at *3 (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

THE BURTON FIRM

"Federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11. Palm Bay cites *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in support of dismissal, but they are inapposite because Palm Bay does not argue any factual deficiencies. In such cases, the Supreme Court unambiguously explained that *Twombly* and *Iqbal* "are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss." *Id.* (emphasis in original). Where a plaintiff "inform[s the defendant] of the factual basis for their complaint, they [are] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.*

Accordingly, since there is no requirement that a plaintiff plead any theory of liability, and since Palm Bay does not challenge the Amended Complaint's factual sufficiency, the Motion should be denied.

### c.   A complaint may properly allege multiple theories of liability in the same count

Even assuming, *arguendo*, that there was a requirement that a plaintiff specifically plead the legal theories in support of her claims (which there is not), it would still be proper for a complaint to allege multiple theories in the same count.

Rule 8(d)(2) explains that "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." "Defendants suppose that complaints must contain as many counts as

plaintiffs have legal theories—one count per theory. Some plaintiffs structure their complaints that way, but Fed. R. Civ. P. 8 does not require them to do so." *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir. 2016); *accord Winstead*, 197 F. Supp. 3d at 1341.

Relying on this same principle, the Eleventh Circuit explained in *Hulsey*, 367 F.3d at 1247, that it is proper to plead multiple theories in support of a claim in the same count, and even in the same paragraph, because "[w]hile it may well be preferable to plead different theories of recovery in separate counts, it is not required. . . . Nor is there any requirement that they be pleaded in separate paragraphs." *Id.* (citing Rule 8, Fed. R. Civ. P.). Accordingly, a complaint was properly pleaded where it asserted differing theories of a Title VII violation (hostile work environment and adverse employment action) in the same paragraphs and count. *Hulsey*, 367 F.3d at 1247; *accord Harris*, 2020 WL 9749508, at *1 ("Defendant argues that the complaint is an impermissible 'shotgun' pleading because the race-based disparate treatment and hostile work environment claims are alleged in a single count. The Court finds no merit in [this] claim.").

The practical importance of these pleading principles – again in reference to a pleading that asserted different theories of liability together in an employment discrimination case – was made clear by now-Chief Judge Mark E. Walker of the Northern District of Florida, as follows:

> It's common practice for a plaintiff in an employment discrimination case to refer to both of these theories in the complaint, and there's good reason for this—early on, before discovery has been conducted, it might not be clear which theory is more viable. But of course a plaintiff need not refer to *either* theory in a complaint, because while "[a] complaint

B| THE BURTON FIRM

must narrate a plausible grievance[,] it need not set out a legal theory or cite authority." *Frank v. Walker*, 819 F.3d 384, 387 (7th Cir.2016) (Easterbrook, J.). And even when a plaintiff *does* set out a legal theory, dismissal is not proper if some other theory would, under the facts alleged in the complaint, entitle the plaintiff to relief. *See, e.g.*, *Dotschay v. Nat'l Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir.1957) ("[A] complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of the claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief.").

*Winstead*, 197 F. Supp. 3d at 1340-41 (emphasis in original).

Citing *Hulsey*, the Eleventh Circuit addressed this nuance in *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d at 807, in which it explained that "[d]isparate treatment can take the form either of a 'tangible employment action,' such as a firing or demotion, or of a 'hostile work environment' that changes 'the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" *Id.*; *accord Harris*, 2020 WL 9749508, at *1 (holding that the failure to allege different theories of discrimination in separate counts "does not make the complaint an impermissible 'shotgun' pleading or render it 'so vague or ambiguous that [Defendant] cannot reasonably prepare a response' because . . . a hostile work environment can be a form of disparate treatment").[1]

---

[1] *Winstead* explains a potential basis for many litigants' misapprehension that the various discrimination theories are in fact different claims: "[The tangible employment action theory] is also, somewhat confusingly, sometimes called a 'disparate treatment' theory. But 'disparate treatment' has been at other times used to refer to the entire universe of discrimination theories under Title VII, *including* hostile work environment theories. More proof that 'legal language is a plague'—one that appears to be mutating in this instance." *Winstead*, 197 F. Supp. 3d at 1340 n.1.

[B] THE BURTON FIRM

Numerous district court decisions from within and without the Eleventh Circuit have relied on *Hulsey* in holding that differing theories of liability for the same claim may be pleaded within the same count. For example, in *Chance v. Wakulla County*, 2019 WL 13280167, at *1, a Florida federal district court denied a motion to dismiss where the defendant argued that the complaint "wrongfully combines distinct claims of gender discrimination, harassment, and hostile work environment into a single count. *Id.* Relying on *Hulsey*, the *Chance* court explained that "[t]angible employment action and hostile environment are 'two alternative ways a plaintiff may establish a basis for the employer's vicarious liability' and are 'labels' that do not require separation," and moreover, Rule 8(d)(2) "allows for alternative claims set forth either in one count or defense or in separate counts or defenses.'" *Id.* (quoting *Hulsey*, 367 F.3d at 1247 and Rule 8(d)(2), Fed. R. Civ. P.).

Similarly, again citing *Hulsey* and Rule 8(d)(2), Judge Dimitrouleas explained in *Caron Foundation of Florida, Inc. v. City of Delray Beach*, 12-80215-CIV, 2012 WL 12855473, at *2 (S.D. Fla. June 6, 2012), that the predicate condition of Rule 10(b) is that "[s]eparate counts are only necessary if they would promote clarity" because "[t]he purpose of a complaint is to put a party on notice of the claims against it." For that reason, the court held that the plaintiff's "alternative grounds for liability under the ADA and the FHA may be grouped together under Rule 8(d)(2)," especially where the defendant "has had no difficulty in identifying [the plaintiff's] claims." *Id.*

"[W]here a single claim includes multiple possible theories of liability, dismissal is usually inappropriate at this early stage so long as any one theory is

Page 11

Ⓑ THE BURTON FIRM

properly pleaded." *Baines v. City of Atlanta*, 1:19-CV-0279-TWT-JSA, 2019 WL 12384718, at \*5 (N.D. Ga. June 27, 2019), *adopted,* 2019 WL 12394408 (N.D. Ga. Aug. 1, 2019) (citing *Hulsey* and Rule 8(d)(2)); *accord Foster*, 2020 WL 880711, at \*4 ("Based on the teachings of *Hulsey*, Plaintiff's joinder of two theories in a single count for proving a Title VII sexual harassment claim does not violate Rule 10(b)"); *Commings v. Orange Lake Country Club*, 612CV397ORL19KRS, 2012 WL 13136502, at \*3 n.5 (M.D. Fla. July 6, 2012) (relying on *Hulsey* and Rule 8(d)(2) in holding different theories of liability may be pleaded in the same count); *Nzabandora v. Univ. of Va.*, 3:17-CV-00003, 2017 WL 4798920, at \*1 (W.D. Va. Oct. 24, 2017) (relying on *Hulsey* in explaining that "Title VII does not include a 'hostile work environment' provision, but instead an antidiscrimination provision that can be transgressed by the existence of such an environment. This is akin to the colloquial label applied to 'slip-and-fall' cases: There is no such thing as a slip-and-fall *claim*, just *negligence claims* premised on slip-and-fall fact-patterns.") (emphasis in original); *Edwards v. Lynch*, 111 F. Supp. 3d 989, 1007 n.9 (W.D. Mo. 2015) (relying on *Hulsey* and Rule 8(d)(2) in holding pleading was proper where "it is conceivable that Count I should be construed as setting forth two different theories for a discrimination claim: a theory predicated on disparate treatment and a theory predicated on a hostile work environment," because "while the theories . . . are not 'alternative' or 'hypothetical' within the meaning of the Rule, the Rule still evinces a willingness to contemplate multiple theories within a single count").

B| THE BURTON FIRM

### d.     Palm Bay has notice of the claims asserted against it

Palm Bay's Motion should also be denied because the Amended Complaint puts Palm Bay on notice of the claims asserted against it. This is evident because Palm Bay went to the effort of listing them, along with various associated elements.

"Generally, notice pleading is all that is required for a valid complaint. Federal Rule of Civil Procedure 8(a)(2) only requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Under notice pleading, a plaintiff need only give a defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *United States v. Universal Pharmacy*, 10-24130-CIV, 2011 WL 13319470, at *2 (S.D. Fla. Mar. 2, 2011), *adopted*, 2011 WL 13319466 (S.D. Fla. Mar. 28, 2011) (internal citations omitted). Additionally, Rule 8(e) requires that "[p]leadings must be construed so as to do justice."

In the context of discrimination cases, "the Eleventh Circuit has reiterated that 'a complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *DeJesus v. Fla. Cent. Credit Union*, 8:17-CV-2502-T-36TGW, 2018 WL 4931817, at *4 (M.D. Fla. Oct. 11, 2018) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)); *accord Winstead*, 197 F. Supp. 3d at 1339 (holding plaintiff alleged enough facts to suggest discrimination and put defendant on notice of the basis for the claim to survive dismissal although plaintiff did not allege that similarly situated employees were treated more favorably); *accord Caron Found. of Fla., Inc.*, 2012 WL 12855473, at *2 (rejecting argument that complaint was deficient because defendant "**has had no difficulty in identifying**

Page 13

*[the plaintiff's] claims*," noting that "[s]eparate counts are only necessary if they would promote clarity. The purpose of a complaint is to put a party on notice of the claims against it") (emphasis added); *cf. Chavez v. Sky Fla. Servs., LLC*, 21-23439-CIV, 2022 WL 4285596, at *6 (S.D. Fla. Aug. 19, 2022) (denying motion for summary judgment where plaintiff did not separately plead hostile work environment because "[t]he threshold issue . . . [was] whether Plaintiff's complaint sufficiently put Defendant on notice of Plaintiff's theory that she was subject to a hostile work environment claim" and "Defendant has been on notice of Plaintiff's theory of liability because Defendant pled two affirmative defenses stating that Plaintiff failed to establish a *prima facie* case of a hostile work environment").

Since Palm Bay's own Motion evinces its clear understanding of the allegations made against it, the Motion should be denied.

> **e.  The Motion should be denied as to Counts I, II, and IV because Palm Bay did not seek dismissal of Counts V or VI which are also predicated on Title VII and the FCRA**

Next, the Motion should also be denied as to Counts I, II, and IV under Title VII and the FCRA because Palm Bay did not move to dismiss Counts V or VI, which allege a retaliation theory, also under Title VII and the FCRA. By failing to move to dismiss all of the Title VII and FCRA counts, Palm Bay waived its arguments that any of Ms. Henkle's Title VII or FCRA counts should be dismissed.

As discussed above, Rule 8(d)(2) expressly states that "[a] party may set out 2 or more statements of a claim . . . either in a single count . . . *or in separate ones*," and

THE BURTON FIRM

that "***the pleading is sufficient if any one of them is sufficient***." (emphasis added). "In a case such as this, where a single claim includes multiple possible theories of liability, dismissal is usually inappropriate at this early stage so long as any one theory is properly pleaded." *Baines*, 2019 WL 12384718, at *5. Rule 8(d)(2) therefore makes clear this principle applies even if the claim is pleaded in separate counts.

Therefore, the Northern District of Florida has explained that "a complaint may contain alternative theories, and if one of the theories can survive a Rule 12(b)(6) motion, ***the district court cannot dismiss the complaint***." *Winstead*, 197 F. Supp. 3d at 1340 (citing *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999)) (emphasis added); *cf. Facci-Brahler v. Montgomery Cnty.*, 118CV0941LEKATB, 2021 WL 1224048, at *3 n.3 (N.D.N.Y. Mar. 31, 2021) ("Plaintiff insinuates a variety of other discrimination theories in passing. For instance, she appears to assert that she was subjected to discrimination on the basis of disability and sex, . . . and that she was subjected to a hostile work environment on various discriminatory bases . . . . ***The Court does not address these alternative theories at this time, because Plaintiff need only state a claim based on one theory***.").

The Amended Complaint pleads the retaliation theory in separate counts from the other theories of liability under Title VII and the FCRA, as permitted by Rule 8(d)(2). But regardless of whether or not retaliation is pleaded in the same count as other theories, it is but another theory of liability establishing an employment discrimination claim under Title VII and the FCRA. *See generally Coles v. Post Master Gen. U.S. Postal Servs.*, 711 Fed. Appx. 890, 891 (11th Cir. 2017) (listing "race and

Page 15

B THE BURTON FIRM

age discrimination, retaliation, and hostile work environment" as different theories of Title VII and the ADEA); *Rancher v. Hubbell Power Sys.*, 2:20-CV-01983-ACA, 2022 WL 1557047, at *5 n.2 (N.D. Ala. May 17, 2022) (construing a claim as asserting "in the alternative that either discrimination or retaliation caused Hubbell to take its adverse employment actions" under Title VII and Section 1981 based upon Rule 8(d)(2) and Rule 8(e)).

Thus, since Palm Bay declined to move to dismiss Counts V and VI under Title VII and the FCRA, the other Title VII and FCRA counts also should not be dismissed.

### B.    The Motion to Strike Should Be Denied

Palm Bay next argues that, pursuant to Rule 12(f), paragraphs 12 through 39 of the Amended Complaint should be stricken.[2] Palm Bay asserts that the allegations relate to things that occurred more than one year before Ms. Henkle filed her charge of discrimination with the EEOC and Florida Commission on Human Relations. As to some of the paragraphs the Motion requests be stricken, Palm Bay also argues that the discriminatory conduct endured by Ms. Henkle was perpetrated by people who were not employees of Palm Bay, and therefore, the allegations are irrelevant.

Palm Bay's arguments should be rejected. "Rule 12(f) is not a proper vehicle to seek merits-based dismissal of any portion of a complaint." *Zononi v. CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *6 (S.D. Fla. Mar. 7, 2023) (citing *Blake v.*

---

[2] On pages 1, 7, and 8 of the Motion, Palm Bay requests that paragraphs 12 through 38 be stricken. However, Palm Bay requests in its conclusion on page 8 of the Amended Complaint that paragraphs 12 through 39 be stricken.

BTHE BURTON FIRM

*Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (noting that a motion to strike "is not intended to procure the dismissal of all or part of a complaint"). "[C]ourts within the Eleventh Circuit routinely hold that motions to strike are 'drastic' remedies 'disfavored by the courts.' . . . If there is any doubt as to whether under any contingency the matter may raise an issue, [motions to strike] should be denied." *McKenzie v. United States Tennis Ass'n Inc.*, 6:22-CV-615-PGB-LHP, 2023 WL 3058036, at \*10 (M.D. Fla. Apr. 24, 2023) (citing sources).

"Because this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" *Inlet Harbor Receivers, Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.*, 608-CV-346-ORL-19DAB, 2008 WL 3200691, at \*1 (M.D. Fla. Aug. 6, 2008) (quoting *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996)); *accord Zononi*, 2023 WL 2667941, at \*6.

### 1.  Discriminatory conduct occurring prior to the charge period is relevant and can also form the basis of a continuing discrimination claim

In seeking to strike numerous allegations of discrimination that occurred prior to one year before Ms. Henkle filed her charge of discrimination, Palm Bay essentially seeks a merits-based dismissal or covert summary judgment on numerous instances of sex discrimination. This tactic should be rejected, especially in this early procedural stage, prior to discovery. *See Zononi*, 2023 WL 2667941, at \*6 (denying motion to strike that "effectively seeks a merits-based dismissal").

Palm Bay only cites general propositions governing the standards for motions to strike and does not cite any authorities in support of its position that the Court

THE BURTON FIRM

should strike all references to discriminatory conduct that happened more than a year before the charge of discrimination was filed. This failure to cite relevant authority is unsurprising because the law is contrary to Palm Bay's argument.

Indeed, the Eleventh Circuit has made clear that "a hostile work environment, although comprised of a series of separate acts, constitutes one 'unlawful employment practice,' and ***so long as one act contributing to the claim occurs within the filing period, 'the entire time period of the hostile environment may be considered by a court for the purposes of determining liability***.'" *Watson v. Blue Circle*, 324 F.3d 1252, 1258 (11th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002)). In fact, "a hostile environment constitutes one 'unlawful employment practice,'" even if the hostile environment extends across multiple years. *Morgan*, 536 U.S. at 118; *Kavanaugh v. Miami-Dade Cnty.*, 775 F. Supp. 2d 1361, 1371 (S.D. Fla. 2011); *Francois v. Washmonbo*, 2007 WL 1362796, at *3 (S.D. Fla. May 9, 2007); *Mizwicki v. Helwig*, 196 F.3d 828, 831 (7th Cir. 1999) (where discrimination is over multiple years, any year can be a "current" year).

Moreover, even assuming, *arguendo*, that some of the allegations of discriminatory conduct did not form part of a timely claim, those allegations would still be relevant because, at a bare minimum, they are probative of the discriminatory culture and environment at Palm Bay. The law is clear that "[p]re-limitations acts can be used, where relevant, 'as background evidence in support of [the] timely claim[s]' even where they "cannot form the basis for liability." *Dewein v. McDonald*,

THE BURTON FIRM

1:16CV261-MW/GRJ, 2017 WL 11727744, at *5 n.7 (N.D. Fla. Jan. 3, 2017) (quoting *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1179 (11th Cir. 2005)).

Accordingly, Palm Bay's request to strike certain paragraphs from the Amended Complaint should be denied.

### 2.    The wine brand managers' discriminatory conduct is relevant regardless of whether they were direct employees of Palm Bay

Next, the Court should reject Palm Bay's argument that paragraphs 12 through 25 of the Amended Complaint should be stricken because three of the individuals discussed were not employees of Palm Bay. For one thing, the Amended Complaint does not allege one way or the other whether Patrick Cappelini of Cavit Wines (¶ 18), Jason Sabo of Vanderpump Wines (¶¶ 19-23), or Lunny of McGuigan Wines (¶¶ 24-25) were Palm Bay employees. In asserting that these people were not Palm Bay employees, the Motion improperly goes outside the pleading's four corners.[3]

Additionally, these individuals were certainly affiliated with Palm Bay regardless of whether they were Palm Bay's direct employees, which the Amended Complaint makes clear. "An employer may incur Title VII liability even if the alleged harasser is a third party," even including "customers." *Curry v. Koch Foods, Inc.*, 2:16-

---

[3] There is reason to believe that some or all of these individuals may have been employees of Palm Bay. For instance, the bottom of Cavit Wines's website bears Palm Bay's logo and states "© 2023 Palm Bay International Boca Raton, FL." **Exhibit A**. And, Jason Sabo's LinkedIn page lists Palm Bay as having been his employer from 2017 to the present. **Exhibit B**.

THE BURTON FIRM

CV-02008-SGC, 2019 WL 1281196, at *10 (N.D. Ala. Mar. 20, 2019) (citing *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957 (11th Cir. 2010)).

The allegations relating to these individuals are relevant regardless of whether they were direct employees of Palm Bay. The Amended Complaint alleges that "Palm Bay expected that Henkle show them 'love' and 'roll out the red carpet,' and that she was "expected to work with these out-of-town managers 24/7." Am. Compl. at ¶¶ 13-15. The Amended Complaint discusses the pressure asserted on Ms. Henkle, as well as how the expectations associated with the wine brand managers was part of a "sexualized atmosphere" at Palm Bay. *E.g.*, *id.* at ¶¶ 19-25. Thus, the pleading makes clear that the sexually discriminatory conduct involving not only Cappelini, Sabo, and Lunny, but also Ms. Henkle's supervisor Lester Jiménez, was directly related to Ms. Henkle's employment with Palm Bay and was part and parcel of working there.

As such, the Motion should be denied for this reason as well.

### A. CONCLUSION

For the reasons discussed, there are no grounds warranting dismissal of any counts of the Amended Complaint, or that any allegations be stricken. Accordingly, Ms. Henkle respectfully requests that Palm Bay's *Motion to Dismiss and to Strike* be denied in its entirety and that Palm Bay be compelled to answer the Amended Complaint, as well as any other relief the Court deems just and proper.

THE BURTON FIRM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 18, 2023, a true and correct copy of the foregoing was served through the CM/ECF system on all persons listed on the attached service list.

Respectfully submitted,

*Counsel for Plaintiff Melani Henkle*

**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
(305) 705-0888
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By: /s/ Marc A. Burton
Marc A. Burton, Esq.
Florida Bar No. 95318
Richard J. Burton, Esq.
Florida Bar No. 179337

B THE BURTON FIRM

## SERVICE LIST

*Melani Henkle v. Palm Bay International, Inc.*
Case No. 9:23-cv-80427-RS

Marc A. Burton, Esq.
Richard J. Burton, Esq.
THE BURTON FIRM, P.A.
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
(305) 705-0888
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com
*Counsel for Plaintiff, Melani Henkle*

Paul F. Penichet, Esq.
Jodi Cohen, Esq.
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
(305) 577-7600
paul.penichet@jacksonlewis.com
jodi.cohen@jacksonlewis.com
*Counsel for Defendant, Palm Bay International, Inc.*

THE BURTON FIRM