UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 9:23-cv-80427-SMITH

MELANI HENKLE,

    Plaintiff,

v.

PALM BAY INTERNATIONAL, INC.,

    Defendant.
_____/

### DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS AND STRIKE

Defendant, Palm Bay International, Inc., through its counsel, files this Reply Brief to Plaintiff's Response to Defendant's Motion to Dismiss Counts I through IV and its Motion to Strike Certain Immaterial Allegations, and says:

    **I.**    **REPLY REGARDING THE MOTION TO DISMISS**

The issue before the Court is whether Counts I through IV of Plaintiff's amended pleading meets the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendant argues that it does not because each of those counts appears to set forth two separate claims or theories of liability while realleging the 50 preceding paragraphs. By pleading in this fashion, Defendant is confused and unsure which of the 50 preceding paragraphs apply to each claim. While Defendant can discern that some of the 50 preceding paragraphs apply to certain claims, it cannot do so for many paragraphs. In other words, Plaintiff fails to give Defendant adequate notice of the claims against it and the grounds on which each claim rests. *Weiland v. Palm Beach Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Under Rule 10(b), Fed. R. Civ. P., when Plaintiff's claims lack clarity, Plaintiff must plead them in separate counts and delineate, as practicable, which the factual allegations are relevant to each claim. By pleading her claims in separate counts, Plaintiff will save Defendant and the Court from having to wade through the allegations to guess which facts Plaintiff asserts are relevant to each claim. The Eleventh Circuit permits courts to require plaintiffs to state each <u>theory of liability</u> separately and as practicable to a single set of circumstances. See *Buckman v. Lancaster Mortg. Co.*, No. 20-13674 (11th Cir. Oct. 7, 2021)(The Court upheld the district court's order requiring Plaintiffs to "**state each theory of liability separately** 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' The newly amended complaint should clearly delineate which factual allegations and cited laws are relevant to the asserted cause of action."). No matter if Plaintiff may be able to plead alternative theories in one count, Plaintiff must plead with sufficient clarity to place Defendant on notice of what claims are asserted and the grounds relevant to each of them. Plaintiff fails to do so in her amended pleading. For these reasons and because the Court has supervisory obligations to direct a party to better plead her complaint in a manner that complies with the federal pleading requirements, Defendant's motion to dismiss Counts I through IV should be granted.

It is of no moment, that Defendant did not move to dismiss Plaintiff's retaliation counts as they did not suffer from the same infirmity as Counts I through IV. Simply put, only one claim was asserted in each of those counts.

**II.    REPLY REGARDING MOTION TO STRIKE**

The next issue before the Court is Defendant's request to strike the immaterial allegations of sexual harassment that occurred outside the period to file a charge of discrimination. Plaintiff argues that a motion to strike is inappropriate to address these issues. She also argues the allegations outside the applicable period should not be stricken because some acts contributing to

2

the hostile work environment occurred within the filing period, thus the entire period of the alleged hostile work environment may be considered by a court for determining liability. Plaintiff cites *Nat' R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) and *Watson v. Blue Circle, Inc.*, 324 F.3d 1252 (11th Cir. 2003) in support of her position. But "if the act occurring within the statutory charging period 'had no relation to the acts [outside the charging period], or for some other reason, such as certain intervening action by the employer, was no longer part of the same hostile environment claim, then the employee cannot recover for the previous acts, at least not by reference to the [later act]." *Morgan*, 536 U.S. at 118. Courts have rejected allegations of acts outside the charging period when they were perpetrated by different supervisors, or different coworkers and they are separated by significant time. *See Schmitz v. Walgreens Co.,* No. 17-80478-CIV-MARRA, 2017 U.S. Dist. LEXIS 122592 (S.D. Fla. Aug. 1, 2017)(the Court considered that the alleged acts were perpetrated by two supervisors when deciding whether the prior acts relate to the acts within the charging period) and *Seawright v. Ga.* DOT, No. 1:08-CV-0017-CC-CCH, 2009 U.S. Dist. LEXIS 134829 (N.D. Ga. July 7, 2009)(rejecting the acts outside the charging period because "the acts were perpetrated by two different coworkers almost two years apart").

Plaintiff is alleging that other individuals, who she admits are not identified as coworkers, supervisors, or customers, allegedly committed acts of sexual harassment up to about 5½ years before she filed her Charge of Discrimination. Plaintiff never reported these alleged acts by the other individuals to Defendant all of which allegedly occurred on business trips or via text message to Plaintiff. Thus, Defendant could not have known about these alleged acts perpetrated by these individuals, and they cannot be used to support a harassment case brought against Defendant based on acts allegedly committed by Plaintiff's direct supervisor, Lester Jimenez.

CASE NO.: 9:23-cv-80427-SMITH

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted); See also, S.*Y. v. Naples Hotel Co.*, No. 2:20-CV-118-JES-MRM, 2020 WL 4504976, at *5 (M.D. Fla. Aug. 5, 2020)( "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.")(emphasis added).  Here, a motion to strike is an appropriate vehicle to streamline the litigation to its relevant issues and avoid the unnecessary foray and costly discovery over these immaterial acts that occurred many years before Plaintiff filed a Charge of Discrimination.  For these reasons Defendant moves to strike paragraphs 12 through 25 of the amended pleading as those that are immaterial to this cause of action.[1]

### III. DEFENDANT'S REQUEST

Defendant request the Court enter an Order dismissing Counts I through IV of the amended pleading and strike the immaterial allegations in paragraphs 12 through 25.

Dated:  June 1, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*s/ Paul F. Penichet*
Paul F. Penichet, Esq.
Florida Bar No. 899380
Email: *paul.penichet@jacksonlewis.com*
Jodi Cohen, Esq.
Florida Bar No. 590231
Email: *jodi.cohen@jacksonlewis.com*

*Attorneys for Defendant*

---

[1] Defendant withdraws its request to strike paragraphs 26 through 38 which relate to the allegations against Plaintiff's supervisor, Lester Jimenez.

CASE NO.: 9:23-cv-80427-SMITH

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Paul F. Penichet*
Paul F. Penichet, Esq.

## SERVICE LIST

| Richard Burton, Esq. | Paul F. Penichet, Esq. |
|---|---|
| Florida Bar No. 179337 | Florida Bar No. 0899380 |
| Email: *rb@theburtonfirm.com* | Email: *paul.penichet@jacksonlewis.com* |
| Marc Burton, Esq. | Jodi N. Cohen, Esq. |
| Florida Bar No. 95318 | Florida Bar No. 590231 |
| Email: *mburton@theburtonfirm.com* | Email: *jodi.cohen@jacksonlewis.com* |
| THE BURTON FIRM, P.A. | JACKSON LEWIS P.C. |
| 2875 N.E. 191st Street, Suite 403 | One Biscayne Tower, Suite 3500 |
| Aventura, FL 33180 | 2 South Biscayne Boulevard |
| Telephone: (305) 705-0888 | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |