UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 9:23-cv-80427-SMITH

MELANI HENKLE,

     Plaintiff,

v.

PALM BAY INTERNATIONAL, INC.,

     Defendant.

_____/

## JOINT SCHEDULING REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1(b)(2) and the Court's *Order Requiring Joint Scheduling Report* [ECF No. 13], Plaintiff, MELANI HENKLE ("Plaintiff") and Defendant, PALM BAY INTERNATIONAL, INC. ("Defendant") (collectively the "Parties") by and through their respective undersigned counsel, file this Joint Scheduling Report as follows:

**A.    The likelihood of settlement.**

The Parties are unable to ascertain the likelihood of settlement currently.  The Parties, however, agree to continuously explore the possibility of settlement as the case proceeds.

**B.    The likelihood of appearance in the action of additional parties.**

Currently, the Parties do not anticipate the appearance of additional parties in this action.

**C.    Proposed limits on the time:**

(i)    To join other parties and to amend the pleadings:

The Parties propose a cutoff date of **August 11, 2023,** to join other parties and amend the pleadings.

    (ii)     To file and hear motions:

The Parties propose a cutoff date of **April 12, 2024** to file all summary judgment, *Daubert*, and other dispositive motions.

The Parties propose a cutoff date of **August 2, 2024** to file all pretrial motions and memorandums of law, including motions in limine.

    (iii)    To complete discovery:

The Parties propose a cutoff date of **March 15, 2024,** to complete fact discovery, and **May 17, 2024** to complete expert discovery.

**D.    Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

Currently, the Parties do not have any proposals for the simplification of issues. Prior to the pretrial conference, counsel will discuss proposals for the formulation and simplification of issues. The parties will endeavor to streamline the case to the fullest extent possible.

At this time, the Parties cannot anticipate whether they will file motions for summary judgment or partial summary judgment. The Parties, however, will comply with the Local Rules, which limit motions for summary judgment and partial summary judgment to a single motion, and will file a motion for leave to file any additional or other motions for summary judgment if case developments make such a motion for summary judgment necessary.

**E.    The necessity or desirability of amendments to the pleadings.**

Defendant's motion to dismiss and to strike certain allegations in the amended pleading is pending, which may necessitate amendments to the pleadings.

**F.    The possibility of obtaining admissions of fact and of documents, electronically store information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically store information or things, and the need for advance rulings from the Court on admissibility of evidence.**

Should it become necessary, counsel will meet following the applicable discovery cut-off date, and before the pretrial conference, to discuss stipulations regarding the authenticity of documents and electronically stored information and the need for advance rulings from the Court on the admissibility of evidence.

**G.    Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

None currently.  The Parties will meet to discuss this issue prior to the discovery cut-off date.

**H.    Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The Parties refers the Court to their Election to Jurisdiction by a United States Magistrate Judge for Final Disposition where they have no objection to referring discovery matters to the magistrate judge assigned to this case, but have answered, no, to the remaining motions and orders.

**I.    Preliminary estimate of the time required for trial.**

The Parties estimate that this trial will take five to seven days.  The Parties will endeavor to provide a more accurate estimate of trial as the trial period approaches.

**J.    Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

**(i)**    Pretrial conference:  **September 3, 2024**

**(ii)**    Trial:  **September 9, 2024**

**K.     Any issues about:**

> **(i)     Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

To the extent ESI exists that is subject to discovery or disclosure, such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf, Word, or Excel format unless a party specifically requests the ESI to be produced in native format or the parties agree otherwise in relation to a particular document or set of documents. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

> **(ii)    Claims of privilege or of protection as trial-preparation materials, including –if the parties agree on a procedure to assert those claims after production –whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

With respect to ESI and hard-copy documents, the parties agree that if any information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, is/are inadvertently disclosed, then the party receiving such information or documents shall immediately return such inadvertently disclosed information or documents (including originals and all copies) to the producing party, and the inadvertently disclosed information or documents shall not be admissible as evidence at any stage of this litigation, including appeals.

> **(iii)   When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist.**

None at this time.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

At this time, the parties are not aware of other information which might be helpful to the Court in setting this case for a status or pretrial conference.

**M.     <u>Discovery Plan</u>**

(A)     The Parties have exchanged their respective disclosures under Rule 26(a) pursuant to the Court's Order [DE 13].

(B)     (1)  The Parties agree that discovery need not be conducted in phases.

(2)  Plaintiff intends to seek discovery within the parameters set under Rule 26(b) and through the use of interrogatories, request for production of documents, request for admissions, requests for inspection or entry, subpoenas to non-parties, and depositions by oral or written examination, including but not limited to the issues, facts and claims raised by the Plaintiffs, any denials, issues or defenses raised by the Defendant in its pleading, and expert witnesses discovery, if any.

(3)  Defendant intends to seek discovery within the parameters set under Rule 26(b) and through the use of interrogatories, request for production of documents, request for admissions, requests for physical or mental examinations, if appropriate, subpoenas to non-parties, and depositions by oral or written examination, including but not limited to subjects about Plaintiffs' (a) factual allegations in the operative pleading and those that are required to prove each element of her causes of actions, (b) alleged injuries, damages, and all other relief sought, and (c) the information necessary to prove the defenses asserted in operative Answer, (d) ESI, and (e) expert witnesses and each expert's report and opinion(s), if any.

(C)     The Parties agree that no changes should be made in the limitations on discovery imposed under these rules or by local rules.

(D)     The Parties agree that currently no other orders should be issued under Rule 26(c) or under Rule 16(b) and (c).  If the need arises, the parties shall work together to try to formulate a proposed agreed protective order.

Dated:  June 26, 2023

Respectfully submitted,

By: *s/ Marc A. Burton*
Richard Burton, Esq.
Florida Bar No. 179337
Email: *rb@theburtonfirm.com*
Marc A. Burton, Esq.
Florida Bar No. 95318
Email: *mburton@theburtonfirm.com*
THE BURTON FIRM, P.A.
2875 N.E. 191st Street, Suite 403
Aventura, FL 33180
Telephone: (305) 705-0888

*Counsel for Plaintiff*

By: *s/ Paul F. Penichet*
Paul F. Penichet, Esq.
Florida Bar No. 0899380
Email: *paul.penichet@jacksonlewis.com*
Jodi N. Cohen, Esq.
Florida Bar No. 590231
Email: *jodi.cohen@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*